The Honorable Missy Thomas Irvin State Senator Post Office Box 1414 Mountain View, Arkansas 72560
Dear Senator Irvin:
You have requested my opinion concerning a reduction of benefits for certain city officials. As background for your specific question you report:
 At a Mayor's leading, a city budgeted for full health insurance for the Mayor and Recorder/Treasurer. This insurance is not just for the office holders; it also covers their entire family. These positions, prior to the Mayor's election, were historically considered part time jobs. The Mayor's salary is $10,500.00 and the Recorder/Treasurer's salary is approximately $5,300.00. The health benefits cost combined were budgeted at $16,392.00 (2009 budget figures). These benefits were placed in the budget each year in the annual budgeting process. It is my constituents understanding it is unlawful to reduce the salaries for these officials, but the health benefits were not being offered to anyone else who would have been elected should the current Mayor or Recorder/Treasurer been [sic] defeated in their last elections.
Against this background you ask:
 Can benefits that were placed in the city budget be removed or reduced for these officials in the budgeting process that occurs each year in December? *Page 2 
RESPONSE
The answer to this question is in all likelihood "yes," in my opinion. The question presumably arises from A.C.A. § 14-42-113, which provides in relevant part:
 Except as provided in subsection (b) of this section, [1] the salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.[2]
I previously addressed a similar question in Op. Att'y Gen. 2010-165, which I have enclosed for your convenience. As you can see, I opined therein that health care benefits could, as a general matter, be removed from the budget before the beginning of the official's term, regardless of whether such benefits constitute "salary."[3] This conclusion followed from the fact that the limitation in subsection 14-42-113(a) applies only during the term of the official. My predecessor opined, and I agreed, that section 14-42-113 does not expressly prohibit a city council from reducing the compensation of city officials after the election, but before the new official takes office.[4] *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
Enclosure
[1] Subsection 14-42-113(b) requires the withholding of an elected city official's salary if the official is required to hold a professional license or registration and if that license or registration is suspended. It appears that this subsection is not implicated under your question. It contains a separate definition of "salary" that does not apply to subsection (a). "Salary" is defined under subsection (b)(5) as "compensation paid to an elected official," and further specifically includes "any benefits provided to the elected official . . ., including without limitation health insurance, retirement contributions, and retirement benefits." Again, I assume your question does not implicate subsection 14-42-113(b) and the salary reduction mandated thereunder.
[2] A.C.A. § 14-42-113(a)(1) (Supp. 2011).
[3] Op. Att'y Gen. 2010-165 at n. 2 (also addressing the question whether health care benefits constitute "salary" under A.C.A. § 14-42-113(a)). Your question refers to benefits being removed or reduced "in the budgeting process" in December. I assume this means the budget is actually adopted in December, or at least at some point before the new officials take office.
[4] Id., citing Op. Att'y Gen. 2004-355. See also Op. Att'y Gen. 2006-113. It must be recognized, however, that the salary of an officer cannot be reduced to an unreasonable level, or in a manner that is constitutionally suspect. Id. As I also stated in the enclosed Opinion 2010-165 at n. 8, decisions of this nature should be made with the advice of local counsel. *Page 1